Gaston, Judge,
after stating the case as above proceeded as follows:—
The act of 1777 establishing offices for receiving entries of claims for land, and pointing out the mode of obtaining grants therefor had declared that titles set up or pretended to such land, not obtained in the manner therein prescribed, of obtained in fraud of its provisions should be utterly void. But in what manner, or in what court the validity of a grant might be impeached because of an alledged violation or evasion of the requisitions of this act, was for several years a vexed question. It was indeed well settled that when a patent was exhibited in an'action of ejectment or trespass, as evidence of title, and it appeared to have issued in a case where the officers of the State had the authority to make a grant, it could not on the trial be impeached by testimony, dehors the grant, of irregularities in the entry, survey or other matters preliminary to the issuing of the grant. Among other, and perhaps more conclusive reasons for this doctrine, it was held to be dangerous to permit a claimant to land under a patent, having every external solemnity, to be surprized by objections which he- could not reasonably anticipate, of which the forms of pleading did not apprize him, and which he might not be prepared to meet with opposing testimony. Therefore until the grant was declared void on a formal proceeding bringing its validity before the court ex directo, it was to be regarded as authentic and conclusive evidence of all that it testified. But what was to be this formal proceeding was by no means settled-» *17 Some supposed that it was a fit case for an information, or a bill in equity while others - contended that our courts of equity had no jurisdiction over the subject. The former urged that the legislature had expressly conferred on these courts all Chancery powers, while the latter insisted that from the purview of the statute organizing these courts, it was apparent that no part of the common law powers of the Chancellor was intended to be delegated. In this state of things the General Assembly passed the act of 1798, the great purposes of which appeared to be to establish a court with jurisdiction to examine into the validity of patents, and to indicate the mode by which the State, proceeding to vindicate her violated rights, might cause to be vacated and annulled patents obtained by false suggestions, surprize' or fraud. By this statute however, it was further enacted that any individual who might consider himself aggrieved by such a grant, might file his petition in the Superior Court of the county where lay the land granted, with an authenticated copy of the grant, briefly stating the.grounds whereon the grant ought to be repealed, and vacated, that a writ of scire facias should thereupon issue to the person, owner or claimant under the grant, to shew cause wherefore it should not be repealed and vacated, and that if upon verdict or demurrer it should appear to the court that the grant was made against law, or was obtained by fraud, surprize or upon untrue suggestions, the court might vacate the same, that an authentic copy of these proceedings should be filed by the petitioner in-the Secretary’s office and be there recorded, and that the Secretary should note in the margin of the original record of the grant, the entry of the judgment, with a reference to the record in his office. It was under these provisions of the act 1793, that the proceedings were had which were offerred in evidence by the defendant.
It is very obvious that the judgment in question was at least erroneous. The case of Terrell and Alexander v. Logan. 3 Hawks, 319, has established that the grantee, or those who have succeeded to all his rights under the grant, must be made a party or parties to the scire facias. The cases of Crow v. Holland, Hoyle v. Logan, and Featherston v. Mills, 4 Dev. Rep. 417, 495, and 596, have settled that a *18 junior patentee is not within the meaning of the act of 1798, a “person aggrieved” by the issuing of an elder gianS, and is therefore not entitled to sue out a scire facias, to vacate it. But however eri’oneous may be the sentence it is nevertheless the final decree of a court, and if the court had jurisdiction over the subject matter of the decree, it must receive all the respect which it could claim if exempt from every imputation of error.
Perhaps it might be contended that the sentence was altogether null, because on the face of the proceedings it appears that all the parties necessary to give the court jurisdiction over the subject matter, were not brought before it. As this objection however has not been urged, and as the determination of the case does not require a decision of this point, we shall give no opinion upon it.
It is not on the ground of a want of jurisdiction that the plaintiff resists the force of the sentence. But it is insisted for him that admitting the sentence to have been- pronounced by a court of competent jurisdiction, it is binding upon and between those only, who were parties, or who claim in pri-vity with those who were parties.to the suit in which the decree was rendered. It cannot be denied but that in general, judgments are evidence as to the truth of the matter thereby decided, only between parties and privies; and the principle upon which this rule is founded, that no man ought to be concluded by an enquiry in which he could not interpose, and had no means of vindicating his rights, and shewing the truth, is so manifestly just and reasonable, that exceptions-from it should be very cautiously allowed. One class of exceptions is established upon the ground that the principle, of the rule does not apply to them. Thus a judgment against a tenant for life in a real action, will not in general bind the reversioner, because the tenant is seized in his own right, and the reversioner has not the legal means to defend that seizin; but if the tenant when sued pray the aid of the re-versioner, and the prayer is allowed, the reversioner shall be bound by the judgment, because he had the legal means to defend the tenant seizin, Har. 462, Yel. 32. The present case certainly does not come within the reason of' this exception. The lessors of the plaintiff had no power to* *19 interpose in the proceedings on the scire facias, or to make any defence whatever against it. There is however another class of cases which are admitted to be exceptions from the genera] rule, viz: cases technically called “ proceedings in rem ” or “ against the thing,” in which the judgments rendered are receivable in evidence against all persons, as conclusive of the truth of what is therein declared. What for this purpose are to be regarded as proceedings in rem, has not been any where precisely defined. It is obvious that all actions which demand a thing specifically, if they can be called “ proceedings in rem,” do not therefore come within the scope of this exception, for certainly a judgment in a real action, or in an action of detinue is not evidence of the right of the matter decided against strangers to such actions, although the judgment is for the thing demanded. A text writer of great respectability, if not with absolute accuracy, yet with a near approach to it, has upon a view of all the authorities, n ‘ \ . . . ,. r confined this exception to the proceedings ot a court " exercising some peculiar jurisdiction which enables it to pronounce on the nature and qualities of a particular subject matter of a public nature and interest, independently of any private party.” 1 Star on Evi. 241. He considers the exception as founded on two considerations, first that it is essential to the efficacious exercise of such a jurisdiction that its judgments should be binding on all other courts, and in all cases, because none of these courts can see whether the proceodings were regular and according to the usages rules of the special tribunal or not, and secondly for that in general all persons interested in such proceedings in rem may usually be heard in assertion of their rights. Ibid 240, 241. lo us it seems that the proceedings m question are not brought within the operation of this exception thus derstood. They are the proceedings not of a court of peculiar jurisdiction, whose usages and rules are unknown to the common law courts of the country, and acting on a particular subject, of a public nature, independently of any private party, but the proceedings of a common Law Court acting either according to common law usages, or to rules defined by the legislature, upon a subject indeed of a public nature, but brought before it by one individual seeking redress *20 against another, for a private grievance in relation to that subject. The very court in which the sentence was rendered is that which is to pronounce whether the sentence ought to bind those not before it when rendered — and the Court judicially knows that according to its usages and rules, "those not'before it could not have been heard in assertion of their rights, and if bound by that sentence will have lost those rights without any opportunity of legally vindicating them. If it were dangerous to allow such rights to be assailed where there might not be a deliberate opportunity to defend them, it is abhorrent from justice to permit' them to be annulled without any opportunity to assert them. If the scire facias be, as certainly to some purposes it is, a proceeding in rem, it is nevertheless, at least when sued out by an individual, essentially an action inter parties. It is indispensable to the constitution of the action that there shall be parties, petitioner and defendant. It cannot be doubted but that the judgment rendered would have been a nullity had there been no defendant brought before the Court. The jurisdiction is not derived therefore from the seizure of a particular thing, which the Court is to dispose of according to right, as against all who may set up title thereto — nor is it founded upon the peculiar qualities of the subject which unfit it for the consideration of any but a peculiar tribunal. It not a jurisdiction independent of parties — but a jurisdiction which cannot be cáíled into action but through parties. In such a case to secure the bringing of proper parties before the Court, and to prevent the monstrous injustice of depriving men of their rights unheard, it must be held that the sentence does not bind strangers to the action. Mankin v. Chandler, 2 Brock, p. 128.
A proceeding m rem which pérsons'is jj°gfi"0ed t0 ceedings of « Sercis-jurisdiction bles U to"1" Q^thTna-a.n<1 a particular matter of a public na- and m-terest, in-privafepar-
*20 This conclusion derives support too we think from the special provisions made by the legislature in relation to the return of the judicial proceedings into the Secretary’s office. It is required that a copy of these proceedings shall be there filed and recorded in full; and the Secretary is directed not .actually to cancel the record of the grant, but merely to note in the margin of that record the sentence of the Court, with a distinct reference to the full record of the proceedings on the petition in his office. The object seems to *21 have been to annex inseparably the record of the sentence to the record of the grant — so that the latter and all claims under it might be left to the operation, whatever it might be, which the sentence on such a petition, and between such parties as are exhibited in the proceedings, ought by law to produce thereon.
It is the opinion of this Court that there is no error in the instruction excepted to, and that the judgment of the Superior Courts should be affirmed.
Per Curiam. - Judgment affirmed.